IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BOARD OF REGENTS, | § | |
| THE UNIVERSITY OF TEXAS SYSTEM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. __1:13-cv-00071__ |
| | § | |
| MICHAEL WEIR D/B/A HORNS-INC., | § | |
| | § | **JURY DEMANDED** |
| Defendant. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff Board of Regents, The University of Texas System ("Plaintiff"), appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1.      This is an action for trademark infringement, unfair competition, and trademark dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under the Texas Business and Commerce Code § 16.103; and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3.      This Court also has jurisdiction over Defendant's infringing activities outside of the United States in violation of the Lanham Act pursuant to *Steele v. Bulova Watch Co.*, 344

U.S. 280 (1952) and *American Rice, Inc. v. Arkansas Rice Growers Cooperative Association*, 701 F.2d 408 (5th Cir. 1983).

4.      This Court has personal jurisdiction over Defendant on the grounds that, upon information and belief, Defendant has engaged in wrongful acts of infringement in Texas and directed toward Texas.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant has conducted business in the Western District of Texas, and because Defendant is subject to personal jurisdiction within this judicial district.

## PARTIES

6.      Plaintiff, Board of Regents, The University of Texas System, is a state board established for the purpose of governing The University of Texas System.  The powers and duties of Plaintiff are set forth generally at Chapter 65 of the Texas Education Code.  Plaintiff maintains its principal office at 201 West 7th Street, Austin, Texas 78701.

7.      Upon information and belief, Defendant Michael Weir d/b/a Horns-Inc. ("Defendant") is an individual residing at 69 Oxford Road, Cowley, Oxford, OX4 2ER, U.K.

## FACTS

**A.      THE UNIVERSITY AND ITS TRADEMARKS**

8.      Plaintiff operates a system of world class universities and related institutions throughout the state of Texas.  Plaintiff's flagship academic institution is The University of Texas at Austin ("UT" or "the University").

9.      UT was founded in 1883, and is world-renowned for providing outstanding educational services at the college and graduate levels.  The University provides educational programs in a broad spectrum of disciplines such as architecture, business, communication,

education, engineering, fine arts, law, liberal arts, nursing, pharmacy, sciences, and social work. Many of UT's educational programs consistently rank among the top schools in the United States in their respective fields.

10.     In addition to providing high-quality educational services, the University actively participates in many collegiate sports, including football, baseball, basketball, cross-country, golf, rowing, soccer, softball, swimming and diving, tennis, track and field, and volleyball.

11.     UT also operates an extensive trademark licensing program, in which it licenses its trademarks and service marks under controlled conditions for use in connection with a wide range of products and services sold to the consuming public.  The University's licensed products are extremely popular, and its licensing program has grown to be one of the most successful collegiate licensing programs in the world.  A document provided to licensees listing the University's marks is attached hereto as **Exhibit A**.

12.     In connection with the University's services, and to promote the services through the sale of licensed products, UT has adopted and has long and continuously used the design mark shown directly below of a hand with the palm facing forward, the index and little finger extended, and the middle and ring fingers held down with the thumb (the "UT Hand Design Mark").



13.     The UT Hand Design Mark received its origin more than fifty-five years ago when students and others at the University began using what has since been termed the "Hook

'em Horns" hand signal, where students and other UT fans raise one hand in the air with the palm facing forward, the index and little finger extended, and the middle and ring fingers held down with the thumb.  Representative articles describing the origins of the UT Hand Design Mark are attached hereto as **Exhibit B**.  Since that time, students and other UT fans have continuously used the "Hook 'em Horns" hand signal at athletic and other University events.

14.     In addition to these well-known marks, UT has adopted and has long and continuously used the famous HOOK 'EM HORNS mark, which the University has used in connection with the University's services and to promote those services through the sale of licensed products.  The UT Hand Design Mark, the "Hook 'em Horns" hand signal, and the HOOK 'EM HORNS mark are collectively referred to hereinafter as the "Hook 'Em Horns Marks."

15.     Fans of UT and its sports programs can purchase a wide variety of licensed products adorned with the Hook 'Em Horns Marks, including but not limited to those shown directly below.  Additional representative examples are attached hereto as **Exhibit C**.  UT's athletics programs have been highly successful over the years, and the Hook 'Em Horns Marks are among the best known in the world of college sports.

 

16.     In accordance with the provisions of federal and state law, the University has registered certain of the Hook 'Em Horns Marks on the Principal Register of the United States Patent and Trademark Office and with the Texas Office of the Secretary of State.  *See* U.S. Reg. Nos. 1,340,789; 1,358,128; and 1,450,734; Tex. Reg. No. 4,387,717.  These registrations are valid and subsisting, and the first three are now incontestable pursuant to 15 U.S.C. § 1065.  True and correct copies of these registrations are attached hereto as **Exhibit D**.

17.     The University's Hook 'Em Horns Marks are inherently distinctive and serve to identify and indicate the source of the University's products and services to the consuming public.

18.     As a result of UT's long use and promotion of the Hook 'Em Horns Marks, the marks have become distinctive to designate the University, to distinguish the University and its products and services from those of others, and to distinguish the source or origin of UT's products and services.  As a result of these efforts by UT, the consuming public in Texas and throughout the United States widely recognizes and associates the Hook 'Em Horns Marks with the University.

19.     As a result of UT's long use and promotion of the Hook 'Em Horns Marks in Texas and elsewhere, UT has acquired valuable common law rights in the Hook 'Em Horns Marks.

20.     The Hook 'Em Horns Marks are famous.

**B.     DEFENDANT'S INFRINGING ACTIVITIES**

21.     Defendant recently filed trademark applications (U.S. Ser. Nos. 85/305,714 and 85/600,829) with the United States Patent and Trademark Office ("USPTO") for the design marks shown directly below (the "Horns Inc. Applications"):

 

Defendant's Horns Inc. Applications cover numerous products and services, including but not limited to "athletic apparel," t-shirts, sports pants, jackets, printed matter, signboards, and retail store services.   Summary information from the USPTO's website regarding Defendant's applications is attached hereto as **Exhibit E**.

22.   Upon information and belief, Defendant owns and uses the domain name www.horns-inc.com, which displays the design marks shown in paragraph 21, as well as the mark HORNS INC. (collectively, the "Horns Inc. Marks"), and is available throughout the United States.   Defendant uses the Horns Inc. Marks in connection with the sale of clothing products, namely, t-shirts and long-sleeve shirts.   Representative printouts from Defendant's website showing Defendant's use of the Horns Inc. Marks are attached hereto as **Exhibit F**.

23.   Upon information and belief, Defendant also operates a Facebook page, also available in the United States, which promotes Defendant's various clothing products and services under the Horns Inc. Marks.   Defendant's Horns Inc. Facebook page recently announced: "To all my friends in the USA.  I am looking for a distributor over the pond to [sic] for my designs.  I am particularly looking at Texas for my horns designs."  Printouts from Defendant's Horns Inc. Facebook page are attached hereto as **Exhibit G**.

24.   More recently, Defendant sold and delivered to a customer residing in the Western District of Texas multiple t-shirts bearing the Horns Inc. Marks.   Representative photographs of the t-shirts are attached hereto as **Exhibit H**.

25.     Defendant is using the Horns Inc. Marks in commerce.  Defendant's use of the Horns Inc. Marks began long after UT developed rights in its Hook 'Em Horns Marks, and after those marks became famous.

26.     Defendant is not affiliated with or sponsored by UT and has not been authorized by the University to use the Hook 'Em Horns Marks or any confusingly similar marks.

27.     On March 19, 2012 and January 8, 2013 the University filed Opposition Nos. 91204360 and 91208749, respectively, against Defendant's Horns Inc. Applications with the Trademark Trial and Appeal Board.  Despite the University's attempts to resolve this matter with Defendant amicably, Defendant has refused to abandon the Horns Inc. Applications or cease using the Horns Inc. Marks.

## C.     EFFECT OF DEFENDANT'S ACTIVITIES

28.     Defendant's unauthorized use of the Horns Inc. Marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with UT, or as to the origin, sponsorship, or approval of Defendant's products and services by the University.

29.     Defendant's unauthorized use of the Horns Inc. Marks falsely designates the origin of its products and services, and falsely and misleadingly describes and represents facts with respect to Defendant and its products and services.

30.     Defendant's unauthorized use of the Horns Inc. Marks enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by the University over many years, and to gain acceptance for its products and services not solely on its own merits, but on the reputation and goodwill of UT, its Hook 'Em Horns Marks, and its products and services.

31.     Defendant's unauthorized use of the Horns Inc. Marks is likely to dilute the distinctive quality of the Hook 'Em Horns Marks.

32.     Defendant's unauthorized use of the Horns Inc. Marks unjustly enriches Defendant at UT's expense.  Defendant has been and continues to be unjustly enriched by obtaining a benefit from the University by taking undue advantage of UT and its goodwill. Specifically, Defendant has taken undue advantage of UT by trading on and profiting from the goodwill in the Hook 'Em Horns Marks developed and owned by the University, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and services.

33.     Defendant's unauthorized use of the Horns Inc. Marks removes from UT the ability to control the nature and quality of products and services provided under the Hook 'Em Horns Marks, and places the valuable reputation and goodwill of the University in the hands of Defendant, over whom UT has no control.

34.     Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to UT and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

35.     Plaintiff repeats the allegations above as if fully set forth herein.

36.     The acts of Defendant complained of herein constitute infringement of UT's federally registered Hook 'Em Horns Marks in violation of 15 U.S.C. § 1114(1).

37.     Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of UT's rights in the Hook 'Em Horns Marks, and with intent to cause confusion and to trade on UT's vast goodwill in the Hook

'Em Horns Marks.  In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

38.     Plaintiff repeats the allegations above as if fully set forth herein.

39.     The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     Defendant's acts of unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

41.     Plaintiff repeats the allegations above as if fully set forth herein.

42.     The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT IV: COMMON LAW UNFAIR COMPETITION

43.     Plaintiff repeats the allegations above as if fully set forth herein.

44.     The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT V:  FEDERAL TRADEMARK DILUTION

45.     Plaintiff repeats the allegations above as if fully set forth herein.

46.     The acts of Defendant complained of herein constitute dilution of Plaintiff's famous Hook 'Em Horns Marks in willful violation of 15 U.S.C. § 1125(c).

## COUNT VI:  DILUTION UNDER TEXAS LAW

47.     Plaintiff repeats the allegations above as if fully set forth herein.

48.     The acts of Defendant complained of herein constitute dilution of UT's Hook 'Em

Horns Marks in violation of Texas Business and Commerce Code § 16.103.

## COUNT VII: UNJUST ENRICHMENT

49.     Plaintiff repeats the allegations above as if fully set forth herein.

50.     The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of UT.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a)     Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the Horns Inc. Marks or any other mark or design that is confusingly similar to or likely to cause dilution of UT's Hook 'Em Horns Marks, and from any attempt to retain any part of the goodwill misappropriated from the University;

(b)     Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all clothing, labels, signs, prints, packages, advertisements, commercials, Internet postings and advertisements, and other promotional material bearing or using the Horns Inc. Marks and/or any other mark or design that is confusingly similar to or likely to cause dilution of UT's Hook 'Em Horns Marks, and all plates, molds, matrices, and other means of making the same;

(c)     Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(d)     Plaintiff recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

(e)     An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(f)     Plaintiff recover its reasonable attorney fees;

(g)     Plaintiff recover its costs of this action and prejudgment and post-judgment interest;

(h)     Defendant be required to expressly abandon U.S. Serial Nos. 85/305,714 and 85/600,829; and

(i)     Plaintiff recover such other relief as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED:  January 25, 2013                      Respectfully submitted,


                                        By: /s/ Stephen P. Meleen   _____
                                            Stephen P. Meleen
                                            Texas Bar No. 00795776
                                            smeleen@pirkeybarber.com
                                            Jered E. Matthysse
                                            Texas Bar No. 24072226
                                            jmatthysse@pirkeybarber.com
                                            Pirkey Barber PLLC
                                            600 Congress Avenue, Suite 2120
                                            Austin, Texas  78701
                                            (512) 322-5200

                                            ATTORNEYS FOR PLAINTIFF
                                            BOARD OF REGENTS, THE
                                            UNIVERSITY OF TEXAS SYSTEM